Adam Hosmer-Henner, Esq., NSBN 12779
Chelsea Latino, Esq., NBSN 14227
Jane Susskind, Esq., NSBN 15099
McDONALD CARANO LLP
100 W. Liberty Street, Tenth Floor
Reno, NV 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
clatino@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com

*Attorneys for Defendants*
*Hometown Health Providers Insurance Company, Inc.,*
*Hometown Health Plan, Inc., and Hometown Health*
*Management Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES- RENO, LLC D/B/A SAINT MARY'S REGIONAL MEDICAL CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>HOMETOWN HEALTH PROVIDERS INSURANCE COMPANY, INC., HOMETOWN HEALTH PLAN, INC., and HOMETOWN HEALTH MANAGEMENT COMPANY,<br><br>Defendants. | Case No: 3:21-CV-00226-MMD-CLB<br><br>**DECLARATION OF JAMIE L. WINTER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

I, Jamie L. Winter, hereby state and declare under penalty of perjury as follows:

1. I am Senior Corporate Counsel for Renown Health, a non-profit corporation.

2. I make this Declaration in support of *Defendants' Motion to Dismiss*. The facts set forth in this Declaration are based upon my personal knowledge. I am over the age of 18 and am mentally competent. If called upon to testify I can and will, competently and under penalty of perjury.

3. Hometown Health Management Company is not actively or directly involved with the issuance or administration of health insurance plans.

4. Defendants Hometown Health Providers Insurance Company, Inc., and Hometown Health Plan, Inc. (collectively, "Hometown Health"), provide health insurance coverage. Hometown Health's Evidence of Coverage ("EOC") typically include an anti-assignment provision stating: "You may not assign this EOC or any of the rights, interests, claims for money due, benefits, or obligations hereunder without Our prior written consent." A true and correct copy of relevant portions of Hometown Health Plan, Inc.'s Large Group Signature HMO Plan – 2020 Evidence of Coverage is attached hereto as **Exhibit 1**.

I declare under penalty of perjury of the laws of the United States of America and of the State of Nevada that the foregoing is true and correct.

Executed: the 19th day of July, 2021.

*/s/ Jamie L. Winter*
Jamie L. Winter

# Exhibit 1

Excerpts of HMO-Plan 2020 Evidence of Coverage

# Exhibit 1



**HOMETOWN HEALTH PLAN, INC.**
**LARGE GROUP SIGNATURE HMO PLAN**
**2020 EVIDENCE OF COVERAGE**

This Evidence of Coverage (EOC) describes Your health insurance Policy provided by Hometown Health Plan, Inc. (Hometown Health), a Health Maintenance Organization (HMO) licensed by the State of Nevada to provide or arrange for the provision of health care services on behalf of its Members.  It includes benefits, exclusions, limitations, and applicable administrative policies, rights, responsibilities, and procedures for Your health insurance Policy.  Refer to Your Schedule of Benefits for Policy-specific Cost Sharing information not described within this EOC.  In case of conflicts between this EOC and Your Schedule of Benefits, this EOC shall be the document that determines the benefits or interpretation of those documents.

Network.  This Policy is a closed Network HMO plan that provides access to the Hometown Health Signature HMO Network.  *This Policy does not allow Members to seek services out of the Hometown Health Signature HMO Network.*  There is no coverage for services outside the *Hometown Health Signature HMO Network* unless the services are rendered as part of an Emergency room visit, an Urgent Care Center visit received Out-of-Area, or they have been previously approved by Hometown Health to be paid at the HMO Benefit Level.  *Additionally, You must receive a referral from Your Hometown Health Signature HMO Primary Care Physician prior to receiving services from a Specialty Care Physician.*

Prescription Drug Coverage.  Members must utilize the HometownRx Signature Pharmacy Network.  *This Policy does not cover drugs which are purchased from pharmacies that are not part of the HometownRx Signature Pharmacy Network.*  Members must work with their doctors to select drugs that are included in the HometownRx Standard Drug Formulary.  *This Policy does not cover drugs which are not included in the HometownRx Standard Drug Formulary.*

Geographic Service Area.  This Policy is available only to Employees (and their eligible dependents) who live in Nevada and whose employer has a physical business location in Carson City, Douglas County, Lyon County, Storey County or Washoe County.  Additional eligibility requirements are detailed in this EOC.

Minimum Essential Coverage.  This Benefit Plan is considered Minimum Essential Coverage as defined by the ACA, 26 U.S.C. § 5000A(f) and its implementing regulations.  Subscribers enrolled in this plan will receive an IRS Form 1095-B from Hometown Health.  Form 1095-B is used to report certain information to the IRS and to taxpayers about individuals who are covered by Minimum Essential Coverage and therefore are not liable for the individual shared responsibility payment for the months during which they are enrolled in this plan.

*A determination that a service is Medically Necessary is not an authorization to receive that service from an Out-of-Network Provider.*

*Medical Director* – A Physician licensed by the State of Nevada that We employ or contract with to monitor and review the utilization and quality of health services that We provide to Members.

*Medical Pharmacy* – Drugs, pharmaceuticals, immunizations, or biologics whose distribution, administration or supply of pharmaceuticals is generally in a healthcare facility, Physician's office, and not in a retail pharmacy setting. A complete list of pharmaceuticals that are covered under the Medical Pharmacy benefit is available at hometownhealth.com.

*Member* – A Subscriber or the Subscriber's eligible dependents covered under the Policy.

*Network* – All of the In-Network Providers with which We have contracted to provide Covered Services.

*Office Visit* – An office or outpatient visit consists of counseling and/or coordination of care with a Physician, a qualified health care Professional, or an agency consistent with the nature of the problem(s) and the patient's and/or family's needs. Usually, the presenting problem(s) are self-limited or minor. Typically, 10 minutes are spent face-to-face with the patient and/or family.

*Open Enrollment Period* – The period of time prior to the beginning of Your Employer's Policy year during which You may enroll in any Group Hometown Health plan for which You are eligible.

*Out-of-Area* – Outside of Nevada and outside the area in surrounding states that is within 50 miles of the Nevada border.

*Out-of-Network* – The receipt of services from a Provider with whom Hometown Health is not contracted to provide discounted covered healthcare services resulting in the Member paying for the entire cost of the services. These Providers are sometimes referred to as Non-Preferred or Non-Participating Providers. For Emergency or Out-of-Area Urgent Care Center services received from an Out-of-Network Provider, the Member will pay the standard Member Cost Sharing for that service plus any amount billed by the Out-of-Network Provider that is greater than the Allowed Amount.

Generally, Hometown Health pays a lower, Out-of-Network benefit level, or does not pay a benefit at all, for services provided by an Out-of-Network Provider, unless the services are rendered as part of an Emergency room visit, an Urgent Care Center visit received Out-of-Area, or the Member has been previously approved by Hometown Health. Because Hometown Health is not contracted with Out-of-Network Providers, the Out-of-Network Provider may balance bill You for the amount charged in excess of the Allowed Amount paid by Hometown Health. Additionally, Out-of-Network Providers may not follow appropriate Prior Authorization procedures which may result in You receiving services that are not covered, not Medically Necessary or are otherwise excluded from coverage under this Benefit Plan.

*As a Member of Hometown Health, Your plan has a Network of healthcare providers available to You. If the health care services are not available within the Network, then Your Provider must contact Our Utilization Management department to request a review for an*

## XVII. MEMBER CLAIMS AND APPEAL PROCEDURES

Concerns about medical services are best handled at the medical service site level before being brought to Our attention. If You contact Us regarding an issue related to the medical service site and have not attempted to work with the site staff, You may be directed to that site to try to solve the problem there.

The procedures outlined in this chapter will be followed if a medical service site matter cannot be resolved at the site or if the concern involves a claim for benefits.

### A. Definitions

Some of the words used in this section have a special meaning to meet the needs of this section. These words and their meanings when used in this section are:

*1st Level Formal Appeal* – An appeal filed in writing that Our customer services department investigates. If a 1st Level Formal Appeal is not resolved to Your satisfaction, You may then file a 2nd level formal appeal.

*2nd Level Formal Appeal* – An appeal submitted in writing on a request for formal hearing before and reviewed by the 2nd Level Appeals Committee. The 2nd level formal appeal is voluntary on Your part as You may go directly to an external review process.

*2nd Level Appeals Committee* – A committee that makes determinations of coverage for any 2nd level formal appeal. The 2nd Level Appeals Committee is comprised of three or more persons, the majority of which must be Members insured by Us. The 2nd Level Appeals Committee is chaired by one of Our executives or board members, or his or her designee, and is comprised of such other persons as the chairperson deems appropriate.

*Adverse Benefit Determination* – Any of the following:

- Our rescission of Your coverage;
- Our denial, reduction, or termination of, or failure to provide or make payment (in whole or in part) for, a benefit including a denial, reduction, or termination or failure to provide or make payment that is based on a determination of Your or Your beneficiary's eligibility for coverage under this Policy;
- Our denial, reduction, or termination of, or failure to provide or make payment (in whole or in part) for, a benefit resulting from the application of Our utilization management program; or
- Our failure to cover an item or service for which benefits are otherwise provided because We determine that such item or service is experimental or investigational or is not Medically Necessary.

*Appeal* – The formal process You can use to request review of an adverse benefit determination.

*Authorized Representative* – A person that You designate to act on his or her behalf in pursuing a claim for benefits or an appeal of an adverse benefit determination.

For the purpose of submitting a request for an external review for a final adverse determination, an authorized representative means a person who has obtained the consent of an insured to represent him in an external review of a final adverse determination conducted under applicable law.

>   You must designate Your authorized representative in writing unless the claim or appeal involves an Urgent Care claim and a health care Professional with knowledge of Your medical condition is seeking to act on Your behalf. You must send Your designation to Our customer service department.

*Claim for Benefits* – A request for a benefit or benefits under this Policy made by You, including any pre-service claims (requests for Prior Authorization or pre-determination) and any post-service claims.

*Expedited Appeal* – The process that You can use to request a review of an adverse benefit determination of an Urgent Care claim.

*Final Internal Adverse Benefit Determination* – An adverse benefit determination that We have upheld at the completion of Our internal review process.

*Informal Appeal* – An appeal that You direct to Our Customer Services department via phone or in person. If an informal appeal is resolved to Your satisfaction, the matter ends. The informal appeal is a voluntary level of appeal.

*Urgent Care Claim* – A claim for medical care or treatment for which the application of the time periods for making non-Urgent Care determinations could seriously jeopardize Your life, health, or ability to regain maximum function or, in the opinion of a Physician with knowledge of Your medical condition, would subject You to sever pain that cannot be adequately managed without the care or treatment that is the subject of the claim. The determination of whether a claim is an Urgent Care Claim will be made by an individual acting on Our behalf applying the judgment of a prudent layperson who possesses an average knowledge of health and medicine.

**B. Internal Claims and Appeals Procedures**

   1. Failure to Obtain Prior Authorization

   If You fail to follow Our procedures for filing a pre-service claim, We will notify You of the failure and the proper procedures to be followed if Your communication to Us is received by a person or department customarily responsible for handling benefit matters and the communication specifically names Your name, the specific medical condition or symptom, and the specific treatment, service, or product for which approval is requested. We will provide You with this notification as soon as possible, but no later than five days (72 hours in the case of an Urgent Care claim) following the failure. Our notification may be oral unless You specifically requested in writing.

   2. Full and Fair Review

   We will permit You to review Your claim file and to present evidence and testimony as part of Our internal claims and appeals procedure. Specifically:

   a) We will provide You, free of charge and sufficiently in advance of the date on which We provide a final adverse benefit determination to give You a reasonable opportunity to respond with any new or additional evidence that We consider, rely upon, or generate in connection with Your claim; and

   b) Before We issue a final adverse benefit determination based on a new or additional rationale, We will provide You with such rationale sufficiently in

    advance of the date on which We provide a final adverse benefit determination to give You a reasonable opportunity to respond.

3. Timing of Notification of Benefit Determination

   a) Urgent Care Claims

   If the claim involves an Urgent Care claim, We will notify You of the benefit determination (whether adverse or not) as soon as possible taking into account the medical exigencies, but not later than 72 hours after receipt of the claim, unless insufficient information to determine whether, or to what extent, benefits are covered or payable under this Policy.

   If We receive insufficient information to decide Your claim, We will notify You as soon as possible, but not later than 72 hours after receipt of the claim, of the specific information necessary to complete the claim. You will have a reasonable amount of time, taking into account the circumstances, but not less than 48 hours, to provide the specified information. We will notify You of the benefit determination as soon as possible, but in no case later than 48 hours after the earlier of:

       i. Our receipt of the specified information; or

       ii. The end of the period afforded You to provide the specified information.

   b) Concurrent Care Decisions

   If We have approved an ongoing course of treatment to be provided over a period of time or number of treatments and reduces or terminates coverage of such course of treatment (other than by plan amendment or termination) before the end of such period of time or number of treatments, We will notify You at a time sufficiently in advance of the reduction or termination to allow You to appeal and obtain a determination before the benefit is reduced or terminated.

   We will decide any request by You to extend the course of treatment beyond the period of time or number of treatments for an Urgent Care claim as soon as possible. We will notify You within 72 hours after Our receipt of the claim if We receive the request at least 24 hours prior to the expiration of the authorized period of time or number of treatments.

   c) Pre-Service Claims

   We will notify You of Our benefit determination (whether adverse or not) within a reasonable period appropriate to the medical circumstances, but not later than 15 days after Our receipt of the request. We may extend this period one time for up to 15 days if the extension is necessary due to matters beyond Our control and We notify You prior to the expiration of the initial 15-day period, of the circumstances requiring the extension and the date by which the Policy expects to make a decision. If the extension is necessary due to Your failure to submit the information necessary to decide the claim, the notice of extension will specifically describe the required information and You have at least 45 days from receipt of the notice to provide the information.

    d) Post-Service Claims

        We will notify You of any denial of a post-service claim within a reasonable period, but no later than 30 days after receipt of the claim.  We may extend this period one time for up to 15 days if the extension is necessary due to matters beyond Our control and We notify You prior to the expiration of the initial 30-day period, of the circumstances requiring the extension and the date by which We expect to render a decision.  If the extension is necessary due to Your failure to submit the information necessary to decide the claim, the notice of extension will specifically describe the required information and You will be afforded at least 45 days from receipt of the notice to provide the information.

4. Informal Appeal

If You question the manner that a claim for benefits is decided, You may file an informal appeal.  You must make all informal appeals to Our customer services department within 60 days of an adverse benefit determination.  If You do not file an informal appeal in a timely manner, We will deem Your appeal waived.  The informal appeal is a voluntary level of appeal and You may immediately make a 1st level formal appeal.

Upon the initiation of an informal appeal, Our customer services department will record at least the following information:

    a) Name of person on whose behalf the appeal is filed (complainant);

    b) Complainant's name and membership number;

    c) Name of person(s) involved;

    d) Date(s) of occurrence;

    e) Location;

    f) Nature of appeal; and

    g) Name of person filing the appeal.

Our Customer Services department representative will inform You of the resolution or proposed resolution of the appeal within 30 days, unless more time is required for fact-finding.

5. 1st Level Formal Appeal

If We do not resolve an informal appeal to Your satisfaction or if You choose not to file an informal appeal, You may file a 1st level formal appeal.  You must submit the 1st level formal appeal in writing (or orally, at Your option, in the case of an appeal of an Urgent Care claim) to the customer services department within 180 days after We inform You of Our resolution of the informal appeal or within 180 days of the adverse benefit determination if the 1st level formal appeal is Your initial appeal.  There is an exception to the 180-day filing timeframe; if You are able to demonstrate that You were incapacitated and unable to file an appeal within the standard timeframe, We will grant You a reasonable extension.  If You do not file a 1st level formal appeal in a timely manner, We will deem Your appeal waived with respect to the adverse benefit determination to which the appeal relates.

The formal appeal must contain, at least:

a) Your name (or name of You and Your authorized representative), address, and telephone number;

b) Your membership number; and

c) A brief statement of the nature of the matter, the reason(s) for the appeal, and why You feel that the adverse benefit determination was wrong.

Additionally, You may submit any supporting medical records, Physicians' letters, or other information that explains why We should cover the claim for benefits.

You can ask for an expedited appeal of an Urgent Care claim. Expedited appeals are not available for appeals regarding post-service claims.

If Your Physician requests an expedited appeal, or supports Your request for an expedited appeal, and indicates that waiting for 15 days could seriously harm Your health or subject You to unmanageable severe pain, We will automatically grant an expedited appeal.

If You submit a request for an expedited appeal without the support of Your Physician, We will decide whether Your health requires an expedited appeal. If We do not grant an expedited appeal, We will provide a decision within 15 days, subject to the above.

We will review Your appeal. The review will be made by an individual who is neither the individual who made the initial adverse benefit determination nor the subordinate of such individual and will not afford deference to such adverse benefit determination.

When the review is complete, We will inform You in writing of the resolution no later than:

a) 72 hours, in the case of an expedited appeal;

b) 15 days, in the case of an appeal of a pre-service claim; or

c) 30 days, in the case of an appeal of a post-service claim.

Limited extensions may be required if additional information is required.

If the proposed resolution to the 1st level formal appeal is not acceptable to You, You are entitled to file a 2nd level formal appeal or proceed directly to external review. We will inform You of this right at the time We inform You of the resolution of Your 1st level formal appeal.

You may receive, free of charge, reasonable access to, and copies of, all documents and records and other information in Our possession relevant to the adverse benefit determination including, but not limited to, any applicable internal rule or guideline of Ours on which We relied in making the adverse benefit determination and, if the adverse benefit determination related to Medical Necessity, a statement of the scientific or clinical judgment for the determination applying the terms of the EOC to Your medical circumstances.

6. 2nd Level Formal Appeal

   When a 1st level formal appeal is not resolved in a manner to Your satisfaction, You may initiate a 2nd level formal appeal to the 2nd Level Appeals Committee. This level of appeal is optional or You may proceed directly to external review. You or Your authorized representative must submit this appeal in writing on a request for formal hearing form, which will be attached to 1st level formal appeal decision letter, within 60 days after You have been informed of the resolution of the 1st level formal appeal.

   Exhaustion of the 1st level formal appeal procedure is a precondition to filing a 2nd level formal appeal. If You do not file Your 2nd level formal appeal in a timely manner, We will deem it waived with respect to the adverse benefit determination to which it relates.

   The 2nd level formal appeal is voluntary for Urgent Care claim appeals.

   You are entitled to receive the same reasonable access to, and copies of documents, referenced above under the 1st level formal appeal.

   The 2nd Level Appeals Committee will determine if a formal presentation is appropriate and, if so, will make every reasonable effort to schedule one at a time mutually convenient to the parties. Repeated refusal on Your part to cooperate in the scheduling of the formal presentation shall relieve the 2nd Level Appeals Committee of the responsibility of hearing a formal presentation, but not of reviewing the 2nd level formal appeal. If the 2nd Level Appeals Committee determines that a formal presentation is appropriate, We will permit You to have assistance in presenting the matter to the Committee, including representation by counsel. However, You must notify Us at least one week before the date of the scheduled formal presentation of Your intent to be represented by counsel or to have others present during the formal presentation.

   Upon receipt of the request for formal hearing form, the request will be forwarded to the 2nd Level Appeals Committee along with all available documentation relating to Your appeal.

   The 2nd Level Appeals Committee will consider the 2nd level of appeal, schedule a formal presentation if applicable, obtain additional information from You or others, as it deems appropriate. The 2nd Level Appeals Committee will not include any individuals who made the initial adverse benefit determination or decided the 1st level formal appeal nor will it include the subordinate of such individuals. The 2nd Level Appeals Committee will not afford deference to the initial adverse benefit determination or 1st level formal appeal decision.

   When the 2nd Level Appeals Committee's review is complete, We will inform You in writing of the resolution no later than:

   a) 15 days, in the case of an appeal of a pre-service claim; or

   b) 30 days, in the case of an appeal of a post-service claim.

7. Conflicts of Interest

   We will ensure that We adjudicate all claims and appeals in a manner designed to ensure the independence and impartiality of the persons involved in making the decision. Decisions regarding hiring, compensation, termination, promotion, or other similar

matters with respect to any individual will not be based upon the likelihood that the individual will support a denial of benefits.

8. Compliance with Law

In all circumstances, Our internal claims and appeals process will initially incorporate the internal and external claims and appeals procedures (including urgent claims) set forth in regulation[23] and will update such process in accordance with any applicable standards established by the U.S. Department of the Treasury, U.S. Department of Labor, the U.S. Department of Health and Human Services.

**C. External Review**

1. Submitting Claims for External Review

If, upon Our review, either first or second level (if You chose to pursue a 2nd level appeal) We deny Your claim for benefits and You disagree with Our decision, You or Your authorized representative may submit Your claim to the external review process described below. This step is not mandatory. The external review process is only available for an adverse benefit determination in which We determine that an admission, availability of care, continued stay, or other health care service that is covered under this Policy has been reviewed and, based on the information provided, does not meet Our requirements for Medical Necessity, appropriateness, health care setting, level of care, or effectiveness, and the requested service is therefore denied, reduced or terminated.

In most circumstances, before You may submit Your claim to the external review process, You must exhaust the portions of Our internal claims procedure that are not voluntary. In certain circumstances, however, You may receive an expedited external review (as described below). Also, if We do not provide You with a written decision on Your claim (except in the case of a retrospective review determination) within 30 days from the date Your claim for benefits was filed, You may not have to exhaust the internal claims process before filing a request for external review.

Within four (4) months of the date You receive an adverse benefit determination or final adverse benefit determination, You or Your authorized representative may file a request for external review by contacting the Nevada Office for Consumer Health Assistance (OCHA) at (888)333-1597.

2. Expedited External Review

You or Your authorized representative may make a written or oral request for an expedited external review if You have received an adverse benefit determination of an Urgent Care claim and:

   a) You have a medical condition where the time for completing the internal review process would seriously jeopardize Your life, health, or ability to regain maximum function; and

---

[23] 26 CFR § 54.9815-2719T – Internal claims and appeals and external review processes; 29 CFR § 2560.503-1 – Claims procedure; 29 CFR § 2590.715-2719 – Internal claims and appeals and external review processes; 45 CFR § 147.136 – Internal claims and appeals and external review processes

    b) You have filed a request for an expedited internal appeal.

You or Your authorized representative may also make a written or oral request for an expedited external review if You have received a final adverse benefit determination and:

    a) You have a medical condition where the time for completing the internal review process would seriously jeopardize Your life, health, or ability to regain maximum function; or

    b) The final adverse benefit determination concerns the admission, availability of care, continued stay, or health care item or service for which You received services, but You have not been discharged from a facility.

In addition, You or Your authorized representative may submit Your claim to the external review process if You receive an adverse benefit determination or final adverse benefit determination that involves a denial of coverage based on a determination that a recommended or requested health care service or treatment is experimental or investigational. In such a case, You or Your authorized representative may make an oral request for an expedited external review if Your treating Physician certifies in writing that the recommended or requested service or treatment would be significantly less effective if not promptly initiated.

You can initiate an expedited external review by calling the Office of Consumer Health Assistance (OCHA) at (888)333-1597. If You are not entitled to an expedited internal review, You will be notified as expeditiously as possible.

3. Standard and Expedited External Review Timeframes

Should You or Your authorized representative file a request for a standard or expedited external review by the OCHA, You can anticipate the timeframe for review to be as follows:[24]

    a) Within five (5) days after receiving Your request for external review, OCHA will notify Hometown Health that the request has been filed (within 72 hours for expedited requests).

    b) As soon as practicable after receiving Your request, OCHA will assign an Independent Review Organization (IRO). OCHA will assign the IRO within one (1) business day for expedited requests.

    c) Within five (5) days after receiving notification from OCHA, Hometown Health will provide to the IRO all documents and materials relating to the adverse determination (within 24 hours for expedited requests).

    d) Within five (5) days after receiving the request, the IRO will:

        i. Review the request, documents and materials submitted; and

        ii. Notify You if any additional information is required to conduct the review.

    e) You must provide that information to the IRO within five (5) days after receiving the request for additional information. Any information submitted to the IRO by You after five (5) business days has passed, MAY be considered as well. The

---

[24] NRS 695G.251 through 695G. 271

> IRO will forward to Hometown Health any additional information provided to them within one (1) day of receipt.
>
> f) If We fail to provide the information within the specified time, the IRO may terminate the review and reverse the adverse determination. The IRO must notify Us, You and the OCHA of its decision to do so.
>
> g) Upon receipt of the information, We may reconsider Our original determination or terminate the review and immediately provide coverage for the service. We must notify the IRO, You and OCHA of Our decision to do so.
>
> h) The IRO will approve, modify or reverse the adverse determination within fifteen (15) days (within 48 hours for expedited requests). The IRO will submit its determination to You, Your Physician, if necessary, and Hometown Health. For expedited requests, You, Your Physician and Hometown Health will be notified within 24 hours of completion of the review and a written notice will be provided within 48 hours.
>
> i) We will immediately approve the coverage or recommended treatment upon receipt of a notice reversing the adverse determination.

4. Authorization for Release of Medical Records

   When filing a request for external review, You or Your authorized representative will be required to authorize the release of any of Your medical records that may be required to be reviewed for the purpose of reaching a decision on the external review.

5. Independent Review Organizations

   An independent third party with clinical and legal expertise and with no financial or personal conflicts with Us will conduct all external reviews. These third parties are known as "independent review organizations." The reviewer will not defer to the decisions made during the internal review process and will look at Your claim anew. The reviewer will consider all the information and documents that it receives in a timely manner when making its decision.

   The independent review organization will provide written notice of the final external review decision within 45 days after it receives the request for external review. If the independent review organization reverses Our denial of Your claim, the decision will be final and We must immediately provide coverage or payment.

**D. Notice of Appeal Rights**

*You have a right to appeal any decision We make that denies payment on Your claim or Your request for coverage of a health care service or treatment.*

*You may request additional explanation when Your claim or request for coverage of a health care service or treatment is denied or the health care service or treatment You received was not fully covered.* Contact Us when You:

1. Do not understand the reason for the denial;

2. Do not understand why the health care service or treatment was not fully covered;

3. Do not understand why a request for coverage of a health care service or treatment was denied;

4. Cannot find the applicable provision in Your EOC or Certificate of Coverage;

5. Want a copy (free of charge) of the guideline, criteria or clinical rationale that We used to make Our decision; or

6. Disagree with the denial or the amount not covered and You want to appeal.

If Your claim was denied due to missing or incomplete information, You or Your Provider may resubmit the claim to Us with the necessary information to complete the claim.

1. Appeals

   All appeals for claim denials (or any decision that does not cover Expenses You believe should have been covered) must be sent to Hometown Health Customer Service, 10315 Professional Circle, Reno, NV 89521 within 180 days of the date You receive Our denial. We will provide a full and fair review of Your claim by individuals associated with Us, but who were not involved in making the initial denial of Your claim. You may provide Us with additional information that relates to Your claim and You may request copies of information that We have that pertains to Your claims. We will notify You of Our decision in writing within 30 days of receiving Your appeal. If You do not receive Our decision within 30 days of receiving Your appeal, You are entitled to file a request for external review.

2. External Review

   If We have denied Your request for the provision of or payment for a health care service or course of treatment, You may have a right to have Our decision reviewed by independent health care Professionals who have no association with Us if Our decision involved making a judgment as to the Medical Necessity, appropriateness, health care setting, level of care or effectiveness of the health care service or treatment You requested by submitting a request for external review within four (4) months after receipt of this notice to:

   Office for Consumer Health Assistance
   555 East Washington #4800
   Las Vegas NV 89101

   (702) 486-3587
   (888) 333-1597
   (702) 486-3586 (fax)

   http://dhhs.nv.gov/Programs/CHA/

   For standard external review, a decision will be made within 45 days of receiving Your request. If You have a medical condition that would seriously jeopardize Your life or health or would jeopardize Your ability to regain maximum function if treatment is delayed, You may be entitled to request an expedited external review of Our denial. If Our denial to provide or pay for health care service or course of treatment is based on a determination that the service or treatment is experimental or investigational, You also may be entitled to file a request for external review of Our denial. For details, please

review this EOC, contact Hometown Health, the Office for Consumer Health Assistance or the Nevada Division of Insurance.

## XVIII.  GENERAL PROVISIONS

### A. Assignment

You may not assign this EOC or any of the rights, interests, claims for money due, benefits, or obligations hereunder without Our prior written consent.

### B. Authorization to Examine Medical Records

By accepting benefits under this Policy, You consent to and authorize all health care Providers including, but not limited to, Physicians, Hospitals, skilled nursing facilities, and other Providers to permit the examination and copying of any portion of the Your Hospital and medical records in accordance with applicable law, when requested by Us.

### C. Balance Billing

If the billed charges exceed the contracted amount agreed to by an In-Network Provider for Covered Services that You receive, such Provider is prohibited from billing You for the difference.  Because this Provider is an In-Network Provider, You are not responsible for the difference between the billed charges and the contracted charges.

### D. Charge for Service or Purchase

We will deem the charge for service or purchase to have been incurred on the date the service is performed or the date the purchase occurs.

### E. Clerical Error

Clerical errors or delays in keeping or reporting data relative to coverage will neither invalidate coverage that would otherwise be validly in force nor continue coverage that would otherwise be validly terminated.  Upon discovery of such errors or delays, an equitable adjustment of Premiums will be made.  In no event will credits be made retroactive more than two Premium due dates prior to the date that We are notified in writing in a form satisfactory to Us of a requested addition/deletion to, or change in, Your coverage status.

### F. Entire EOC

This EOC, the Group Subscription Agreement, the Schedule of Benefits, riders, questionnaires, and applicable attachments if any, constitute the entire contract between the parties.  As of the effective date of coverage, it supersedes all other agreements between the parties.  Any statements made to Us by the Member shall, in the absence of fraud, be deemed representations and not warranties.  No such statement, unless it is contained in a written application for coverage, may be used in defense to a claim under this Policy.

### G. Form or Content of EOC

No agent or employee of Us is authorized to change the form or content of this EOC.  Such changes can be made only through endorsement signed by an authorized officer of Us.

### H. Gender

The use of any gender herein shall include the other gender and the use of the singular shall include the plural (and vice versa).

### I. Governing Law

Except as preempted by federal law, this EOC will be governed in accordance with the laws of the state of Nevada and any provision that is required to be in this EOC by state or federal law shall bind Us and each Member whether or not set forth in this EOC.

### J. Membership Card

Cards that We issue to Members are for identification only. Possession of a membership card confers no right to services or other benefits under this Policy. To be entitled to such services or benefits, the holder of the card must, in fact be an eligible Member on whose behalf all applicable Premiums due under this Policy have actually been paid. Any person receiving services or other benefits to which he or she is not entitled pursuant to the provisions of this Policy and any Member assisting such person shall be liable for the actual cost of such services or benefits.

### K. Modifications

This EOC shall automatically be modified to comply with provisions of applicable federal and Nevada law. By electing medical and Hospital coverage under this Policy or accepting this Policy's benefits, all Members legally capable of contracting, and the legal representative of all Members incapable of contracting, agree to all terms and conditions hereof.

### L. Notice

You may give any notice under this Policy by United States mail, first class, postage prepaid, addressed as follows:

> Hometown Health
> Customer Service Department
> 10315 Professional Circle
> Reno, Nevada 89521.

We will send Our notices to You to the most recent address that We have on file. You are responsible for notifying Our customer services department of any change in address.

### M. Notice of Claim

If submission of a claim is required to receive benefits under this Policy, such claim will be allowed only if notice of the claim is submitted to Us within 120 days from the date on which the covered Expenses were first incurred. However, if it was not reasonably possible to give notice within the above time limit, and notice was furnished, as soon as was reasonably possible, the submission date will be extended accordingly. However, in no event will We pay benefits if notice of claim is made beyond one year from the date on which the Expense was incurred.

### N. Policies and Procedures

We may adopt reasonable policies, procedures, rules, and interpretations to promote the orderly and efficient administration of this Policy.

### O. Nondiscrimination

We do not discriminate in the delivery of services on the basis of sex, age, race, religion, national origin, sexual orientation, or genetic information.

### P. Return of Overpayment

Payment made for charges must be returned to Us if found that such charges were paid in error.