William E. Peterson, Bar No. 1528
Janine C. Prupas, Bar No. 9156
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: (775) 785-5440
FAX: (775) 785-5441
wpeterson@swlaw.com
jprupas@swlaw.com

Jennifer R. Ecklund *admitted pro hac vice*
Mackenzie S. Wallace *admitted pro hac vice*
John P. Atkins *admitted pro hac vice*
THOMPSON COBURN LLP
*Admitted Pro Hac Vice*
2100 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (972) 629-7100
FAX: (972) 629-7171
jecklund@thompsoncoburn.com
mwallace@thompsoncoburn.com
jatkins@thompsoncoburn.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES – RENO, LLC D/B/A SAINT MARY'S REGIONAL MEDICAL CENTER,<br><br>PLAINTIFF,<br><br>vs.<br><br>HH PROVIDERS INSURANCE COMPANY, INC., HH PLAN, INC., and HH MANAGEMENT COMPANY,<br><br>DEFENDANTS. | Case No. 3:21-cv-226-MMD-CLB<br><br>**DECLARATION OF MACKENZIE S. WALLACE IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; PLAINTIFF'S ALTERNATIVE MOTION TO DEFER OR DENY SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56(D)** |

4834-4010-9556

## DECLARATION OF MACKENZIE S. WALLACE

I, Mackenzie S. Wallace, declare the following:

1. I am over the age of 21 and competent to testify; I am an attorney licensed to practice in the State of Texas and I am attorney of record in the matter in which this affidavit is being offered for the Plaintiff, Prime Healthcare Services—Reno, LLC d/b/a Saint Mary's Regional Health Center ("Saint Mary's"). I offer this testimony on the basis of my own personal knowledge from my review of records and materials provided to me in connection with this case.

2. In the event that the evidence offered by Defendants Hometown Health Providers Insurance Company, Inc., and Hometown Health Plan, Inc. ("HH") in connection with their Motion to Dismiss or, in the Alternative, for a More Definite Statement (Dkt. 34) is considered by this Court, and this Court converts that Motion into a Motion for Summary Judgment, Saint Mary's asks, in its Response, that this Court permit limited discovery relevant to such a Motion before deciding it.

3. In particular, given the asymmetry of information between HH and Saint Mary's (since Saint Mary's is a non-network provider without direct access to plan documents), Saint Mary's needs access to HH's relevant plan documents, as well as an opportunity to depose a witness to authenticate those documents and correlate them with specific claims on Saint Mary's Claims List, in order to be prepared to reasonably respond to a Motion for Summary Judgment on several questions raised by HH's Motion, which (for the reasons given in Saint Mary's Response) should not be considered at the pleading stage.

4. Saint Mary's does not possess HH's plan documents and has been unable to obtain them from HH. Although Saint Mary's knows enough about the general terms of certain of these plans to plead certain relevant provisions, including out-of-network payment terms, on information and belief, in the event that Defendants' Motion is construed as a Summary Judgment motion, Saint Mary's would need the production of these plan documents far enough ahead of time that it would be able to review them fully

4834-4010-9556

- 1 -

and determine the applicability of HH's arguments and any relevant defenses to same.

5. Saint Mary's does not possess independent data correlating its claims list with specific plans—it needs precisely that information from HH in order to effectively oppose or respond to an early summary judgment motion.

6. For these reasons, in its Response, Saint Mary's has asked this Court, in the event it converts Defendant's Motion into a Motion for Summary Judgment, for the following relief:

7. Defer consideration of the Motion for sixty-three days after the Response is filed (August 2, 2021); order HH to produce to Saint Mary's all plan documents related to the claims listed on the Claims List within twenty-one days of August 2, 2021; order the parties to schedule a deposition of Ms. Winter (or such other representative of HH or Renown as can properly testify regarding provisions, authenticity, and claim-applicability of each of the relevant plan documents) within the next thirty-five days after August 2, 2021; and to permit HH to file a supplemental response to this anti-assignment argument incorporating evidence located during this discovery within forty-nine days of August 2, 2021.

8. The requested discovery is necessary both to answer any "anti-assignment" argument at the Motion for Summary Judgment stage, as well as to answer any arguments that rely on specific plan terms or phrasing, and any arguments that relate to the applicability of ERISA preemption. If the Motion remains simply a Motion to Dismiss, as Saint Mary's believes it should, then the Motion can simply be denied at the pleading stage since these issues have been adequately pleaded and these arguments should appropriately be reserved for summary judgment after adequate discovery.

9. Some or all of the requested discovery may also be necessary if the Court decides to grant HH's alternative motion for a more definite statement, depending on which specific issues the Court believes a more adequate statement is needed on; if it is any of the items listed in paragraph 8, Saint Mary's requests that the Court grant some or all of the discovery described in paragraph 7 of this affidavit as appropriate to enable it to

4834-4010-9556

- 2 -

provide the additional detail the Court believes to be necessary.

10. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 2nd day of August, 2021,

*Mackenzie S. Wallace*
MACKENZIE S. WALLACE

4834-4010-9556

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the **DECLARATION OF MACKENZIE S. WALLACE IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; PLAINTIFF'S ALTERNATIVE MOTION TO DEFER OR DENY SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56(D)** with the Clerk of the Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 2nd day of August, 2021.

*/s/ D'Andrea Dunn*
An employee of SNELL & WILMER L.L.P.

4834-4010-9556