William E. Peterson, Bar No. 1528
Janine C. Prupas, Bar No. 9156
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: (775) 785-5440
FAX: (775) 785-5441
wpeterson@swlaw.com
jprupas@swlaw.com

Jennifer R. Ecklund *admitted pro hac vice*
Mackenzie S. Wallace *admitted pro hac vice*
John P. Atkins *admitted pro hac vice*
THOMPSON COBURN LLP
2100 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (972) 629-7100
FAX: (972) 629-7171
jecklund@thompsoncoburn.com
mwallace@thompsoncoburn.com
jatkins@thompsoncoburn.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES – RENO, LLC D/B/A SAINT MARY'S REGIONAL MEDICAL CENTER,<br><br>    Plaintiff,<br><br>vs.<br><br>HOMETOWN HEALTH PROVIDERS INSURANCE COMPANY, INC., HOMETOWN HEALTH PLAN, INC., AND HOMETOWN HEALTH MANAGEMENT COMPANY,<br><br>    Defendants. | Case No. 3:21-cv-00226-MMD-CLB<br><br>**PLAINTIFF'S MOTON TO STRIKE EVIDENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

4829-1804-9524

Plaintiff Prime Healthcare Services – Reno, LLC d/b/a Saint Mary's Regional Medical Center ("Saint Mary's"), by and through its attorneys of record, Snell & Wilmer L.L.P., moves this Court for an Order striking the "Evidence of Coverage ("EOC")" and the "Winter Declaration" submitted and filed by Defendants as Dkt. 34-1.

This Motion is based on the following Memorandum of Points and Authorities and the motions and pleadings on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

Motions to Dismiss are to be decided based on what has been alleged in the Complaint. Reference to matters outside the pleadings is not permissible. Notwithstanding these requirements, Defendants attach and rely upon the "evidence of coverage" and "Winter Declaration" in their Motion to Dismiss as Dkt. 34-1. None of this evidence was attached or referred to in Saint Mary's Complaint, none is clearly integral to or relied on by Saint Mary's Complaint, and each is therefore considered a matter outside the pleadings and subject to a motion to strike pursuant to Fed. R. Civ. P. 12.

**A.   The "Evidence of Coverage" and the "Winter Declaration" Attached to Defendants' Motion to Dismiss Must be Stricken**.

Defendants improperly rely upon the "evidence of coverage" ("EOC") and "Winter Declaration" as support for its Motion to Dismiss. Fed. R. Civ. P. 12(d) requires that if, on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56." *See also* Wright & Miller Federal Practice & Procedure, §1366 (3d Ed.). Saint Mary's requests the Court not consider, and indeed strike, the evidence presented by Defendants' in their Motion to Dismiss.

It is well-established that a Court may consider certain materials – documents attached to the complaint; documents incorporated by reference in the complaint – without converting the motion to dismiss into a motion for summary judgment. *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich,* 13 F.3d 1370, 1377 (9th Cir. 2002). The Ninth Circuit has held that "a court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint

refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *See Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbriath v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Because these factors are not present, the EOC and the "Winter Declaration" must be stricken in support of Defendants' Motion to Dismiss.

Here, HH improperly submits evidence outside of the pleadings, including the "EOC" allegedly for one of its 2020 HMO plans, attempting to force Saint Mary's through a 12(b)(6) motion to take a position on an evidentiary question before discovery. But as HH knows, submission of such evidence is appropriate only if Saint Mary's complaint refers to and relies on the appended document, and no party questions its authenticity. Those conditions are not met. In this case, Saint Mary's did not plead the relevant EOC and does not rely on this EOC in its Complaint, because the EOC HH has attached to its Motion is a 2020 EOC which Saint Mary's does not believe could have applied to any of the claims on the Claims List since none of the claims have dates of services after December 31, 2019. Saint Mary's also does not concede that this document is authentic: it is not that Saint Mary's knows the document to be a forgery or something other than what Ms. Winter claims, it is simply that Saint Mary's lacks any information on which to base such a concession, since Saint Mary's has not seen the document before, and no discovery has yet occurred whereby Saint Mary's can investigate the document or its application to any claims in this case, or the credibility of the sponsoring witness, Ms. Winters. Saint Mary's specifically objects to its introduction without discovery to investigate its authenticity and moves to strike it. *Taymuree v. Nat'l Collegiate Student Loan Tr. 2007-2*, 16-CV-06138-YGR, 2017 WL 952962, at *2 (N.D. Cal. Mar. 13, 2017) ("Here, plaintiffs challenge the authenticity of the evidence presented by defendants . . . Accordingly, it would be improper for the Court to consider such evidence."). Thus, the EOC must be stricken in support of Defendants' Motion to Dismiss.

Moreover, the Winter Declaration must be stricken because it does not refer to any document or evidence attached or referred to in the complaint—indeed, it is essentially the summary judgment testimony of a party witness. Admittedly, Ms. Winter's testimony is of limited

- 3 -

4829-1804-9524

relevance, since it makes no concrete statements: the most Ms. Winter says is that HH plans "typically" contain anti-assignment provisions. *See* Dkt. 34-1, Winter Dec., ¶ 4. "Typically" is not all, as Saint Mary's pointed out in its concurrently filed Response. Ms. Winter also says nothing about whether this is typically true in 2020 (the date of this EOC) or was "typically" true in 2019 or 2018 or 2017 when many of the claims were submitted. But Ms. Winter's testimony, and her opinion of the breadth and frequency of anti-assignment clauses in HH plan documents, is certainly not "referred to" in Saint Mary's complaint, nor is it "central" to Saint Mary's claims (Ms. Winter is not mentioned at all in the Complaint). *Smith v. Wolf Performance Ammunition*, 2:13-CV-2223 JCM NJK, 2015 WL 2359063, at *11 (D. Nev. May 18, 2015) (declining to consider an affidavit attached to a 12(b)(6) motion or arguments relying thereon because it "is inappropriate for the court to consider at the motion to dismiss stage.")

**CONCLUSION**

Based on the foregoing, Saint Mary's requests the Court grant its Motion Strike.

Dated: August 2, 2021                                    SNELL & WILMER L.L.P.

By: */s/ Janine C. Prupas*
William E. Peterson, Bar No. 1528
Janine C. Prupas, Bar No. 9156
50 West Liberty Street, Suite 510
Reno, Nevada  89501

*Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the **PLAINTIFF'S MOTION TO STRIKE EVIDENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** with the Clerk of the Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 2nd day of August, 2021.

                                                                                         */s/ D'Andrea Dunn*
                                                          An employee of SNELL & WILMER L.L.P.

4829-1804-9524