Adam Hosmer-Henner, Esq., NSBN 12779
Chelsea Latino, Esq., NBSN 14227
Jane Susskind, Esq., NSBN 15099
McDONALD CARANO LLP
100 W. Liberty Street, Tenth Floor
Reno, NV 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
clatino@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com

*Attorneys for Defendants Hometown Health Providers Insurance Company, Inc. and Hometown Health Plan, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PRIME HEALTHCARE SERVICES- RENO, LLC D/B/A SAINT MARY'S REGIONAL MEDICAL CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>HOMETOWN HEALTH PROVIDERS INSURANCE COMPANY, INC., and HOMETOWN HEALTH PLAN, INC.<br><br>Defendants. | Case No: 3:21-cv-00226-MMD-CLB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EVIDENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

Hometown Health Providers Insurance Company, Inc. and Hometown Health Plan, Inc. (collectively "Hometown Health") submit this opposition to Plaintiff's Motion to Strike Evidence in Support of Defendants' Motion to Dismiss, ECF No. 41 ("Motion"). This Opposition is based on the memorandum of points and authorities below, the pleadings and papers on file, and such other information as the Court may wish to consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Saint Mary's makes yet another procedural error by moving to strike exhibits attached to Hometown Health's Motion to Dismiss. First, the rule on which Saint Mary's relies, Fed. R. Civ. P. 12(f) applies to pleadings and not motions. Second, Fed. R. Civ. P. 12(d) provides the correct framework for handling exhibits outside of the pleadings and provides that the Court should either not consider this evidence or convert the motion into one for summary judgment, but not strike the exhibits. These issues are not novel and the Motion is misguided and superfluous.

Saint Mary's Motion requests that this Court strike Hometown Health's Evidence of Coverage ("EOC"), as well as the declaration authenticating the EOC, both of which are attached to Hometown Health's Motion to Dismiss, or, In the Alternative, For a More Definite Statement, ECF No. 34 ("Motion to Dismiss"). Saint Mary's argues that each is "considered a matter outside the pleadings and subject to a motion to strike pursuant to Fed. R. Civ. P. 12." ECF No. 41 at 2. Despite being procedurally improper in that a motion to dismiss is not a pleading, the instant Motion is further unnecessary because Saint Mary's already challenged these documents in two other separate, but identical filings. *See* ECF No. 37 at 4; ECF No. 39 at 4; Fed. R. Civ. P. 12(f) (addressing motions to strike and what a "court may strike from a *pleading*") (emphasis added); Fed. R. Civ. P. 7(a) (defining pleading). Nevertheless, Saint Mary's arguments miss the mark and should be rejected.

Saint Mary's deliberately ambiguous complaint is drafted to avoid dispositive defenses. In this Motion, Saint Mary's attempts to strike the general anti-assignment language that bars its claims while relying on its own vague assertion that there was a valid assignment of each claim. Furthermore, Saint Mary's disputes the relevance of the anti-assignment language by arguing that it does not apply to each of the claims in question, but neither identified the claims in question or the specific language of the assignments for each claim. Hometown Health did not ask the Court to consider the attached EOC as specifically dispositive for all claims for which Saint Mary's has allegedly "received signed assignment of benefits." ECF No. 1 ¶ 16. But Hometown Health is representing that similar anti-assignment clauses are present for each of these potential claims in the same way that Saint Mary's cites just one edited assignment clause for each of hundreds of claims. Given that Saint Mary's never identified the precise assignment language it is attempting to rely on for each claim, let alone the plan for each patient, the anti-assignment language adequately demonstrates the deficiencies of the complaint.[1] The EOC can therefore be considered without converting the Motion to Dismiss into one for summary judgment. *See DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 852 F.3d 868, 872

---

[1] The declaration was included solely for purposes of demonstrating the document is what it is claimed to be, and therefore St. Mary's cannot reasonably contest the EOC's authenticity.

n.2 (9th Cir. 2017) (finding that defendant's submission of one exemplar plan with anti-assignment language was sufficient to defeat an assignment at the dismissal stage).

Further, Saint Mary's suggestion that the anti-assignment clause and Winter Declaration are "matter[s] outside the pleadings" because the Complaint did not specifically refer to either is belied by controlling caselaw. As Saint Mary's recognizes, courts in this district may consider certain documents, including "documents incorporated by reference in the complaint," without converting a motion to dismiss into one for summary judgment. *Goodwin v. Exec. Tr. Servs., LLC*, 680 F. Supp. 2d 1244, 1250 (D. Nev. 2010) (explaining that a court may "treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint 'refers extensively to the document or the document forms the basis of the plaintiff's claim'" (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003))). Under this rule, the Ninth Circuit has affirmed the incorporation of documents that are not specifically referenced in the complaint, but upon which a plaintiff's claim necessarily depends. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The purpose of this rule is to "[p]revent[ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

Saint Mary's complaint relies entirely upon the existence of an assignment by the individuals to the provider, without which Saint Mary's would undisputedly lack standing. The existence of an anti-assignment clause in the plans – that Saint Mary's does reference in its pleading because it must identify a plan violation – bars a claim for benefits where, as here, that claim relies upon a valid assignment of benefits. ECF No. 34 at 5-7. If this Court were to accept Saint Mary's argument, a plaintiff's deliberate failure to reference an anti-assignment clause would preclude a defendant from ever raising an anti-assignment clause at the dismissal stage. Such a conclusion is directly contrary to the policy concern underlying the incorporation by reference rule. A plaintiff is not required to, and generally will not, reference in its complaint the existence of an anti-assignment clause, as such an admission would defeat its claim. A plaintiff's

deliberate omission therefore cannot preclude a defendant from raising this argument with supporting documentation at the dismissal stage. Courts in this circuit therefore properly review the issue of whether a plaintiff has alleged a valid assignment of benefits, and thus has statutory standing to bring its claim, at the dismissal stage. *See, e.g.*, *Vaughn v. Bay Env't Mgmt., Inc.*, 567 F.3d 1021, 1022 (9th Cir. 2009) (explaining that "a dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim" and applying Rule 12(b)(6)'s standard); *DB Healthcare*, 852 F.3d at 873 (addressing the issue of statutory standing at the dismissal stage).

Finally, Saint Mary's challenge to the authenticity of the EOC is fairly ridiculous. Saint Mary's does not question the veracity of the EOC or provide any argument or evidence that it is not what Hometown Health says it is. Referring to the EOC's authenticity, Saint Mary's argues only that it "lacks any information on which to base such a concession." ECF No. 41 at 3. But the Winter Declaration expressly authenticates this document. This will be a very difficult litigation indeed if Saint Mary's is going to seek discovery on the authenticity of such documents. Saint Mary's unsupported argument lacks merit and should be rejected.

For all of the foregoing reasons, Hometown Health respectfully requests that the Court deny Plaintiff's Motion to Strike.

Dated: August 16, 2021.

McDONALD CARANO LLP

/s/  *Chelsea Latino*
Adam Hosmer-Henner, NV Bar No. 12779
Chelsea Latino, Esq., NBSN 14227
Jane Susskind, Esq., NSBN 15099
100 W. Liberty Street, Tenth Floor
Reno, NV 89501
(775) 788-2000

*Attorneys for Hometown Health*

4