Adam Hosmer-Henner, Esq., NSBN 12779
Chelsea Latino, Esq., NBSN 14227
Jane Susskind, Esq., NSBN 15099
McDONALD CARANO LLP
100 W. Liberty Street, Tenth Floor
Reno, NV 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
clatino@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PRIME HEALTHCARE SERVICES- RENO, LLC D/B/A SAINT MARY'S REGIONAL MEDICAL CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>HOMETOWN HEALTH PROVIDERS INSURANCE COMPANY, INC., and HOMETOWN HEALTH PLAN, INC.<br><br>Defendants. | Case No: 3:21-CV-00226-MMD-CLB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ALTERNATIVE MOTION TO DEFER OR DENY SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56(d)** |

Hometown Health Providers Insurance Company, Inc. and Hometown Health Plan, Inc. (collectively "Hometown Health") submit this opposition to Plaintiff's Alternative Motion to Defer or Deny Summary Judgment Under Fed. R. Civ. P. 56(d), ECF No. 39 ("Alternative Motion"). This Opposition is based on the memorandum of points and authorities below, the pleadings and papers on file, and such other information as the Court may wish to consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

There is no doubt that Saint Mary's filed suit in order to seek discovery in order to assert a claim. In its Alternative Motion, Saint Mary's states that it needs an "opportunity to depose a witness to authenticate [plan documents] and correlate them with specific claims on Saint Mary's Claims List." Decl. of Mackenzie S. Wallace ¶ 3, ECF No. 40. Saint Mary's has asserted claims against Hometown Health for violation of these plan documents, but concedes that it

cannot say which plan violations relate to which claim? How can Hometown Health be required to respond to a pleading that cannot stand on its own without future discovery?

In any event, the Alternative Motion is procedurally and substantively invalid, the relief sought is illusory, and it should be rejected as moot. As already detailed in Hometown Health's Motion to Dismiss (ECF No. 34) and Reply (ECF No. 45), which are incorporated herein by reference, Hometown Health does not ask the Court to advance a summary judgment decision. Instead, Hometown Health asks this Court to determine either whether the current pleading fails to state a claim due to its intentional ambiguity or, in the alternative, whether a more definite statement is required. As no discovery is necessary to resolve Hometown Health's Motion, Saint Mary's alternative motion to defer or deny summary judgment should be denied.

Saint Mary's further misunderstands Fed. R. Civ. P. 56(d). This rule can be invoked only where Saint Mary's "cannot present facts essential to justify its opposition." *Id.* Saint Mary's claims that it needs access to Hometown Health's "plan documents," but has already asserted, in accordance with Fed. R. Civ. P. 11, that Hometown Health has violated the terms of such plans in hundreds of cases. Saint Mary's is not seeking evidence to oppose dismissal, but to state a claim. *See* ECF No. 40 ¶ 4 ("Saint Mary's needs access to HH's relevant plan documents, as well as an opportunity to depose a witness to authenticate those documents and correlate them with specific claims on Saint Mary's Claims List . . . .") Rather than permit Saint Mary's to conduct unilateral discovery against Hometown Health, this Court should grant Hometown Health's Motion to Dismiss and require Saint Mary's to actually attempt to state a valid claim.

Dated: August 16, 2021.

McDONALD CARANO LLP

/s/ *Chelsea Latino*
Adam Hosmer-Henner, NV Bar No. 12779
Chelsea Latino, Esq., NBSN 14227
Jane Susskind, Esq., NSBN 15099
100 W. Liberty Street, Tenth Floor
Reno, NV 89501
(775) 788-2000

*Attorneys for Defendants*