UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PRIME HEALTHCARE SERVICES – RENO, LLC d/b/a SAINT MARY'S REGIONAL MEDICAL CENTER,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>HOMETOWN HEALTH PROVIDERS INSURANCE COMPANY, INC., *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:21-cv-00226-MMD-CLB<br><br>ORDER |

Before the Court is Plaintiff's[1] motion to amend the complaint (ECF Nos. 58, 59 ("Motion"))[2] and motion to redact and seal (ECF No. 57) the proposed first amended complaint and attached exhibits. Federal Rule of Civil Procedure 15 allows amendment only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *See* Fed. R. Civ. P. 15(a)(2). The Court has discretion to grant leave and should freely do so "when justice so requires." *Id.*; *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Because this case is still in the early stages of litigation, the Court finds amendment should be granted under FRCP 15(a)(2). Moreover, United States Magistrate Judge Carla L. Baldwin previously ordered Defendants to produce four health benefit plans to Plaintiff, which this request to amend is based on. (ECF No. 55.) However, the Court does not

---

[1] Plaintiff Prime Healthcare Services – Reno, LLC, d/b/a Saint Mary's Regional Medical Center, sued Defendants Hometown Health Providers Insurance Company, Inc. and Hometown Health Plan, Inc. (collectively "Hometown Health") for failing to pay or underpaying for medical services that Saint Mary's provided to Hometown Health's insured members. (ECF No. 1 at 2.)

[2] Plaintiff filed two separate motions, one with the patient information redacted or omitted (ECF Nos. 59, 59-1), and one without redaction and filed under seal (ECF Nos. 58, 58-1, 58-2, 58-3, 58-4, 58-5). The motions for leave to amend themselves are identical. (ECF Nos. 58, 59.)

foreclose Defendants from reasserting any legal arguments raised in its pending motion to dismiss in response to Plaintiff's first amended complaint.

The Court also finds Plaintiff offered compelling reasons to support its motion to seal (ECF No. 57) because the documents contain patients' private health information. *See Spahr v. Med. Dir. Ely State Prison*, Case No. 3:19-cv-0267-MMD-CLB, 2020 WL 137459, at *2 (D. Nev. Jan. 10, 2020).

It is therefore ordered that Plaintiff's motion to amend the complaint (ECF Nos. 58, 59) is granted.

It is further ordered that Plaintiff's motion to seal and redact (ECF No. 57) the proposed first amended complaint and attached exhibits is granted.

It is further ordered that Defendants' motion to dismiss or, in the alternative, for a more definite statement (ECF No. 34) is denied as moot.

It is further ordered that Plaintiff's motion to defer or deny summary judgment (ECF No. 39) under Fed. R. Civ. P. 56(d) is denied as moot.

It is further ordered that Plaintiff's motion to strike evidence (ECF No. 41) in support of Defendants' motion to dismiss (ECF No. 34) is denied as moot.

DATED THIS 17th Day of December 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE