William E. Peterson, Bar No. 1528
Janine C. Prupas, Bar No. 9156
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: (775) 785-5440
FAX: (775) 785-5441
wpeterson@swlaw.com
jprupas@swlaw.com

Jennifer R. Ecklund *admitted pro hac vice*
Mackenzie S. Wallace *admitted pro hac vice*
John P. Atkins *admitted pro hac vice*
THOMPSON COBURN LLP
2100 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (972) 629-7100
FAX: (972) 629-7171
jecklund@thompsoncoburn.com
mwallace@thompsoncoburn.com
jatkins@thompsoncoburn.om

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES – RENO, LLC D/B/A SAINT MARY'S REGIONAL MEDICAL CENTER,<br><br>　　　　PLAINTIFF,<br><br>VS.<br><br>HOMETOWN HEALTH PROVIDERS INSURANCE COMPANY, INC., AND HOMETOWN HEALTH PLAN, INC.<br><br>　　　　DEFENDANTS. | Case No. 3:21-cv-00226-MMD-CLB<br><br>ORDER ADOPTING<br><br>**_JOINT PROPOSED PHASE DISCOVERY PLAN_**<br><br>**_SPECIAL SCHEDULING REVIEW REQUESTED_** |

The Parties, by and through their counsel of record, hereby submit the following Joint Proposed Phase Discovery Plan pursuant to LR 26-1. Special scheduling review is requested given the Court's direction at the October 17, 2022 Case Management Conference that discovery should proceed in staggered phases. [Dkt. No. 101.]

1

4855-7721-8111

**PRELIMINARY STATEMENT**

Pursuant to the Court's October 17, 2022 Case Management Conference, the parties have met and conferred and have agreed upon this Joint Proposed Phase Discovery Plan. Pursuant to the Minutes of Proceedings [Dkt. No. 101], the first phase of discovery includes claim specific discovery for 250 claim files and non-claim specific discovery. Saint Mary's produced a set of Assignments of Benefits on November 7, 2022 and on November 10, 2022, which Hometown Health is in the process of reviewing. Further, the parties incorporate a date by which a settlement conference or mediation will occur per the Court's Order at the end of the first phase of discovery. At this time, the parties envision submitting a revised discovery plan for Phase Two after mediation and after a further meet-and-confer. The parties also request that other deadlines included in the Stipulated Discovery Plan and Scheduling Order [Dkt. No. 85] be vacated until after a Phase Two plan is in place.

I. **PHASE ONE**

    A. **Selection of the 250 Claims for Phase One**

- The parties agree to a random sample of 250 claims with the sample designed to reflect a proportional number of Inpatient and Outpatient claim files.
- The sample shall be selected by a neutral party if the parties can agree, or if the parties cannot agree, the parties will work together to randomize the sample and select the sample.
- The parties agree to select and confirm the 250-claim sample by November 25, 2022.

    B. **Phase One Discovery Scope and Timing**

- Phase One discovery shall be limited to written discovery issued pursuant to Fed. R. Civ. P. 33, 34, and 36 as well as fact depositions pursuant to Fed. R. Civ. P. 30.
- The parties agree to proceed with Claim-Specific discovery[1] as to only the 250

---

[1] Claim-Specific discovery is defined as that material, otherwise discoverable under the standards of Fed. R. Civ. P. 26, that relate to the specific claim files for the 250 Claims. Non-exhaustive examples of claim-specific discovery would include: (1) Patient claim files for the 250 Claims, including but not limited to medical records, case management notes, conditions of admission paperwork, claim forms, billing history, claims processing notes, explanations of benefits, appeals records and/or notes, provider and payer adjudication of claims notes, and

Claims selected above during Phase One.

- The parties also agree to proceed with Non-Claim Specific discovery[2] in Phase One.

- **Deadlines:**

    1. *Saint Mary's Production of Assignments of Benefits*

        **November 10, 2022** (Saint Mary's reserves the right to supplement if it discovers additional documents and Hometown Health reserves the right to seek supplementation of this production if necessary)

    2. *Parties' Production of 250 Claim Files*

        **February 23, 2023** (both Parties reserve the right to supplement)

    3. *Parties' Responses to Written Discovery*

        Saint Mary's will supplement its responses to Hometown Health's First Set of Interrogatories and First Set of Requests for Production of Documents dated July 28, 2022, and Hometown Health will respond to Saint Mary's First Set of Requests for Production of Documents and First Set of Interrogatories dated September 30, 2022 by February 23, 2023. The Parties have also agreed to extend the time to respond to additional, future Phase One discovery requests to February 23, 2023 if the responding party so wishes.

    4. *Case Management Conferences*

        Pursuant to the Court's direction at the June 15, 2022 Case Management Conference, Case Management Conferences will continue to take place every 60 days and are currently scheduled as follows:
        - **January 16, 2023**
        - **March 14, 2023**
        - **May 22, 2023**

---

correspondence regarding the Claims, including between Saint Mary's and Hometown Health, and (2) Benefit plans for the 250 Claims.

[2] Non-Claim Specific discovery is defined as that material, otherwise discoverable under the standards of Fed. R. Civ. P. 26, that does not relate to the specific claim files of the 690 claims. Non-exhaustive examples of non-claim specific discovery would include: (1) agreements between the parties, including Letters of Agreement between Saint Mary's and Hometown Health, (2) policies, practices, and procedures for Saint Mary's and Hometown Health, and (3) Claims spreadsheets containing claim-level detail for all individual patient claims at issue in this litigation.

3

4855-7721-8111

    C. **Mediation**

- Mediation shall occur by **July 17, 2023**.
- The parties do not yet have a preference on the mediator.

II.    **PHASE TWO DISCOVERY**

Phase One shall conclude after the mediation scheduled above or by July 17, 2023, whichever is later. Phase Two Discovery shall include all aspects of discovery under the Federal Rules that were not specifically provided for in Phase One. The Parties will meet and confer to propose a revised discovery plan and deadlines for Phase Two, which will then be submitted to the Court for approval. Per the Court's direction that the Court will set a new discovery plan and scheduling order if at the end of Phase One there is no settlement or resolution, the parties defer the submission of a scheduling order on Phase Two until after mediation.

Dated: November 17, 2022.

By:   */s/ Janine C. Prupas*

William E. Peterson, Bar No. 1528
Janine C. Prupas, Bar No. 9156
50 West Liberty Street, Suite 510
Reno, Nevada 89501

SNELL & WILMER L.L.P.

Jennifer R. Ecklund, *pro hac vice*
Mackenzie S. Wallace, *pro hac vice*
John P. Atkins, *pro hac vice*
2100 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (972) 629-7100
FAX: (972) 629-7171
jecklund@thompsoncoburn.com
mwallace@thompsoncoburn.com
jatkins@thompsoncoburn.com

THOMPSON COBURN LLP

*Attorneys for Plaintiff*

By: */s/ Adam Hosmer-Henner*

Adam Hosmer-Henner, Bar No. 1227
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501

McDONALD CARANO LLP

*Attorneys for Defendants*

**IT IS SO ORDERED.**

DATED: November 17, 2022

_____
UNITED STATES MAGISTRATE JUDGE

4

4855-7721-8111